UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENT SKELTON | CIVIL ACTION |
| V. | NO. 13-4771 |
| SUKOTHAI, LLC, KEITH SCARMUZZA, and ROYAL TRADING, LLC | SECTION C(5) |

### ORDER AND REASONS

This matter comes to the Court on the plaintiff's motion for conditional class certification and judicial notice. Rec. Doc. 18. The defendant opposes. Rec. Doc. 25. The Court, having considered the record, the applicable law, and the memoranda of counsel, hereby GRANTS the plaintiff's motion for the following reasons and modifies his proposed notice as stated further below.

Plaintiff brought this complaint in June 2013, seeking damages for the defendants' alleged failure to pay him, or any other SukhoThai server, minimum wage under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Rec. Doc. 1. Plaintiff alleges that defendants required plaintiff and other servers to "tip out" 10% of their tips to kitchen staff, and that this practice rendered the plaintiff and other servers ineligible to be classified as "tipped employees" for purposes of FLSA and the minimum wage. *Id.*, ¶¶ 7-32. The defendants answered the complaint, admitting defendant's employment in the Marigny SukhoThai location, but denying the substance of the complaint either totally or as written. Rec. Doc. 14.

The plaintiff seeks to maintain this action "on behalf of himself . . . and other employees similarly situated" pursuant to 29 U.S.C. § 216(b). The Fifth Circuit has embraced two different approaches for determining whether such a complaint should be certified as a collective action

1

under § 216(b). *See Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003). The first or *Lusardi* approach,[1] which the plaintiff leverages in this motion, proceeds via two-step inquiry. *Id.* at 1213. At the first step,

> the district court makes a decision - usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* at 1213-14. The plaintiff's motion concerns this "notice stage" determination.

At the notice stage, the plaintiff need only produce "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Id.* at 1213 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988). Despite defendants' arguments to the contrary, the Court finds this burden easily satisfied on the showing made by the plaintiff. His affidavit provides, in pertinent part: that both Marigny and Uptown SukhoThai locations are commonly owned and operated; that they share service employees; that servers at each location are compensated according to the same policy; and that under this policy servers are systematically divested of tip income and compensated at $2.13 an hour, a rate below the minimum wage. Rec. Doc. 18-2.

The defendants' argument that the putative class members are not similarly situated

---

[1] *See Lusardi v. Xerox Corp.*, 122 F.3d 463 (D.N.J.1988).

because they are not in fact commonly employed amounts to an argument the defendants' would be claiming disparate defenses against the various class members. Such an argument is better reserved for a motion to decertify after notice and discovery. Whether any one defendant qualifies as an employer to all class members for FLSA purposes is a fact-sensitive inquiry that would benefit from discovery. *See Aguilar v. Complete Landsculpture, Inc.*, 04-0776, 2004 WL 2293842 at *3 (N.D. Tex. Oct. 7, 2004). More importantly, if the only issue tending to undermine similarity between class members is the identity of the employer, the Court can create subclasses to accommodate the distinction. *See id.* (citing *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001)).

The Court similarly rejects the defendants' argument that the putative class is overly broad, temporally speaking. Like employer status, the willfulness required to create damages liability for a three-year span is a fact-sensitive determination under FLSA that would benefit from discovery. *See Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) ("Under the FLSA, a violation is willful if the employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." (internal quotation marks omitted)). For the time being, the plaintiff alleges that willfulness is at least partially exemplified by evidence common to the putative class, i.e., the defendants' use of a checkout sheet in both SukhoThai locations to calculate the portion of class member tips to be deducted from their pay. Rec. Doc. 18-3. This will suffice for purposes of conditional certification. Therefore, a class will be conditionally certified and notice will issue.

Defendants argue that the class notification should be limited to servers directly employed by defendant Royal Trading, LLC and employed by them within the past 2 years. Rec.

3

Doc. 25 at 8. For the reasons explained above, the Court declines any such narrowing of the class.

The Court finds that the 60 days requested for notice is neither excessive nor unreasonable for this type of case. Therefore, no change to that number will be ordered.

Because the plaintiff does not object to defendants' paragraph regarding contingency fees, liability for costs, and the powers of the class representative,[2] this provision shall be included in the notice.

The defendants' request for any notice in this case to advise putative class members that they "may be required to respond to written questions, sit for depositions and/or testify in court" is appropriate. This language shall be added to the proposed notice.

Finally, the Court finds that plaintiff's request to define the conditional class to include anyone who worked as a server in SukhoThai "within the past three years" is temporally indefinite, in that it could be interpreted to mean three years from the date that the notice is received or perhaps within the last three calendar years. The three year clock described in the notice should run expressly from a date certain; courts have used the date upon which the

---

[2] The proposed addition reads in its entirety:
The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. Your interest will be represented by the named Plaintiff through his attorneys as counsel for the class. The putative class could (not would) be liable for costs if there is no recovery. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the named Plaintiff as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the named Plaintiff will be binding on you if you join this lawsuit. Rec. Doc. 25 at 8.

plaintiff's complaint was filed, *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 n.3 (S.D.N.Y. 2007), the date upon which a court issued approved conditional class certification, *Camp v. Progressive Corp.*, 01-2680, 2002 WL 31496661 at *6 (E.D. La. Nov. 8, 2002), and the date upon which notice of conditional certification was issued, *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003). Each approach is bolstered by a different rationale. In this case, the plaintiff has tried to cast a smaller net, to avoid those whose claims would rely upon a tolling argument. Rec. Doc. 18-1 at 12-13. Therefore, the Court will order that the notice list as a requirement of joining the lawsuit, that the putative class member was "employed as a Server at SukhoThai *within three years of the date of this notice*" instead of "within the past three years."

Accordingly, IT IS ORDERED that the plaintiff's Motion for Conditional Class Certification and Judicial Notice is hereby GRANTED. Rec. Doc. 18.

IT IS FURTHER ORDERED that plaintiff shall, at his expense, notify potential class members of this action using the proposed notice to putative class members (Rec. Doc. 18-5) after modification in accordance with this Order and Reasons.

New Orleans, Louisiana, this 27th day of January, 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE